UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth Operhall,

    Plaintiff,

v.

Home Depot USA, Inc.,

    Defendant.

_____/

Case No. 14-11697

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [20]**

This matter comes before the Court on Defendant Home Depot's motion for summary judgment. Plaintiff Kenneth Operhall suffered injuries to his right shoulder after he slipped and fell on black ice in Defendant's parking lot. He filed suit in Wayne Count Circuit Court alleging that his injuries were caused by Defendant's negligence. Defendant timely removed the action to this Court based on diversity jurisdiction. For the reasons stated below, the Court GRANTS Defendant's motion for summary judgment.

**I.   Facts**

Plaintiff's injury occurred during a January morning while on a trip to Home Depot. After parking his car outside of the main entrance, Plaintiff slipped and fell on a patch of black ice while attempting to enter the store. The weather at the time of Plaintiff's fall was sunny and clear. There was no snow on the roads or on the parking lot pavement, but there was snow piled on the sides of the road and on the grassy areas of the parking lot. Climatological data shows that at the time of his fall, the temperature in the area was slightly above freezing. The day prior to Plaintiff's fall, there was a small amount of snowfall

(less than a quarter of an inch) and also light rain and mist. The temperature on that day was also above freezing, which caused some snow melt. The temperature returned to below freezing overnight before rising again the next morning.

At the time of Plaintiff's fall, a Home Depot employee was salting the parking lot four feet from Plaintiff. Although Plaintiff did not see that the employee was salting the parking lot before he fell, he did see the employee and he also noticed the orange bucket that the employee was using to hold the salt. After he got up from the fall, Plaintiff could see that the employee had been salting the parking lot. The area Plaintiff slipped on had not yet been salted, however.

## II. Standard of Review

Summary judgment is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. Analysis

### A. The Black Ice Was Open and Obvious

To establish a prima facie case of negligence, Plaintiff must establish that: (1) Defendant owed him a duty; (2) Defendant breached that duty; (3) the breach was the

2

cause (actual and proximate) of Plaintiff's injury; and (4) damages. *Fultz v. Union-Commerce Associates*, 683 N.W.2d 587, 590 (Mich. 2004). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Quinto v. Woodward Detroit CVS, LLC*, 850 N.W.2d 642, 644 (Mich. Ct. App. 2014) (citation omitted). There is no dispute that Plaintiff was an invitee on Defendant's property. Accordingly, Defendant owed Plaintiff a duty to "use reasonable care to protect [Plaintiff] from an unreasonable risk of harm caused by dangerous conditions on the premises, including snow and ice conditions." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 91 (Mich. 2012). However, this duty does not extend to dangers that are "open and obvious" except where there are special aspects that render them either unreasonably dangerous or effectively unavoidable. *Id.* at 96; *Lugo v. Ameritech Corp.*, 639 N.W.2d 384, 386-88 (Mich. 2001). Whether a danger is open and obvious is an objective inquiry. "The standard for determining if a condition is open and obvious is whether an average user with ordinary intelligence [would] have been able to discover the danger and risk presented upon casual inspection." *Slaughter v. Blarney Castle Oil Co.*, 760 N.W.2d 287, 290 (Mich. Ct. App. 2008).

Plaintiff alleges that he slipped on black ice in Defendant's parking lot. "Black ice conditions [are] open and obvious when there are indicia of a potentially hazardous condition, including the specific weather conditions present at the time of plaintiff's fall." *Janson v. Sajewski Funeral Home, Inc.*, 782 N.W.2d 201, 201 (Mich. 2010) (internal quotations omitted). Indicia of potentially hazardous conditions include below-freezing temperatures, the presence of snow in the area, visible ice, and precipitation (*e.g.*, mist, freezing rain, or snow) prior to and during the plaintiff's fall. *Id.*; *see also Cole v. Henry Ford*

*Health Sys.*, 854 N.W.2d 717, 717 (Mich. 2014). Nevertheless, the mere fact that it is wintertime in Michigan is not sufficient to render black ice open and obvious. *Slaughter*, 760 N.W.2d at 292; *Bragg v. Daimler Chrysler*, No. 290371, 2010 WL 3604428, at *4 (Mich. Ct. App. Sept. 16, 2010).

The black ice on which Plaintiff slipped and fell was open and obvious. Even assuming the weather conditions at the time of Plaintiff's fall were by themselves insufficient to grant Defendant summary judgment, the weather conditions were not the only indicia of a potentially hazardous condition. When Plaintiff was walking to the store, a Home Depot employee was salting the parking lot only four feet away from Plaintiff. (Def.'s Mot., Ex. 7 at 4.) Although Plaintiff states that he did not see that the employee was applying salt before he fell, he did see both the employee and the orange bucket he was using to hold the salt. (*Id.*, Ex. 2 at 32:4, 20-23; 33:17-18; 34:1-4; 37:21-24.) Furthermore, after getting up, Plaintiff could see that the employee had already salted a large part of the parking lot, including the area four feet away from Plaintiff. (*Id.*, 39:15-40:11, 17-22.) Based on these facts, combined with the weather conditions at the time of Plaintiff's fall, "an average user with ordinary intelligence [would] have been able to discover the danger and risk presented upon casual inspection." *Slaughter*, 760 N.W.2d at 290.

### B. No Special Aspects Existed

Plaintiff also cannot establish special aspects that rendered the black ice unreasonable dangerous or effectively unavoidable. *See Hoffner,* 821 N.W.2d at 96; *Lugo*, 629 N.W.2d at 386-88. "Only those special aspects that give rise to a uniquely high likelihood or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Lugo*, 629 N.W.2d at 387-88. Common

conditions, such as black ice, are not considered to have these special aspects. *Hoffner*, 821 N.W.2d at 96 ("Neither a common condition nor an avoidable condition is uniquely dangerous"); *Shane v. Accor N. Am., Inc.*, No. 12-10696, 2013 WL 4070471, at *8 (E.D. Mich. Aug. 12, 2013) ("Black ice is a common condition in Michigan."). "The risk of slipping and falling on ice is not sufficiently similar to those special aspects discussed in *Lugo* to constitute a uniquely high likelihood or severity of harm and remove the condition from the open and obvious danger doctrine." *Royce v. Chatwell Club Apartments*, 740 N.W.2d 547, 551 (Mich. Ct. App. 2007).

Plaintiff argues that special aspects existed because the black ice was blocking the main entrance to the store and was therefore effectively unavoidable. This argument fails. A condition is effectively unavoidable only when "a person, for all practical purposes, [is] *required* or *compelled* to confront [the] dangerous hazard." *Hoffner*, 821 N.W.2d at 99 (emphasis in original). In *Hoffner*, the plaintiff slipped and fell on ice blocking the only entrance to a fitness center of which she was a member. *Id.* at 92. Even though there was only one entrance, the Michigan Supreme Court rejected her argument that the ice was effectively unavoidable. "Plaintiff was not forced to confront the risk, as even she admits; she was not 'trapped' in the building or compelled by extenuating circumstances with no choice but to traverse a previously unknown risk." *Id.* at 101. Plaintiff's argument here fails for the same reason. Furthermore, this is an even weaker case than *Hoffner* because, here, the Home Depot had more than one entrance. (Def.'s Mot., Ex. 2 at 28:22-29:4.) The black ice was not effectively unavoidable.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: April 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager